**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JONATAN HENRRIQUEZ-DUBON,

            Petitioner,

   v.

MERRICK B. GARLAND, Attorney
General,

            Respondent.

No. 20-70997

Agency No. A208-362-686

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 30, 2022
San Francisco, California

Before:  W. FLETCHER and MILLER, Circuit Judges, and KORMAN,[**] District
Judge.
Dissent by Judge MILLER.

    Petitioner Jonatan Henrriquez-Dubon petitions for review of a decision of

the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

("IJ") denial of his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252(a)(1) and grant the petition.

"Where, as here, the BIA agrees with and incorporates specific findings of the IJ while adding its own reasoning, we review both decisions." *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016). We review factual findings for substantial evidence. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). "To reverse [such a] finding we must find that the evidence not only *supports* [a contrary] conclusion, but *compels* it." *Rizk v. Holder*, 629 F.3d 1083, 1087 (9th Cir. 2011) (alteration in original) (quoting *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

An applicant must, *inter alia*, be "a person of good moral character" to be eligible for a cancellation of removal. 8 U.S.C. § 1229b(b)(1)(B). The Immigration and Nationality Act precludes a finding of good moral character for any applicant who "knowingly has encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law." 8 U.S.C. § 1182(a)(6)(E)(i).

The agency's finding that Petitioner paid to smuggle his stepson into the United States is not supported by substantial evidence. The IJ and BIA relied on one statement by Petitioner that was inconsistent with the rest of his testimony,

both before and after that statement. Petitioner's statement, upon which the IJ and BIA relied, responded to a question that was asked in English by the IJ and translated into Spanish (and heard by Petitioner in headphones). Petitioner's answer, given in Spanish and translated to English, strongly suggests that the inconsistency between Petitioner's answer and his otherwise consistent testimony was traceable to difficulties in translation. Indeed, Petitioner began his answer by saying, "As I repeat to you." The agency ignored Petitioner's testimony and conduct prior to and subsequent to the purported admission, and it failed to provide a reasoned explanation for discounting the entire record apart from this isolated statement. *See Tamang v. Holder*, 598 F.3d 1083, 1093 (9th Cir. 2010) ("[A]n IJ cannot selectively examine evidence . . . but rather must present a reasoned analysis of the evidence as a whole . . . ."); *Soto-Olarte v. Holder*, 555 F.3d 1089, 1091 (9th Cir. 2009) (internal quotation marks omitted) ("[P]assing and incomplete mention of [Petitioner's] explanations for the discrepancies . . . does not satisfy our precedential requirement that in order to ensure a fair hearing, the BIA not only identify specific inconsistencies, but also address in a reasoned manner the explanations that [Petitioner] offers for these perceived inconsistencies.").

**PETITION GRANTED and REMANDED.**

3

*Henrriquez-Dubon v. Garland*, No. 20-70997

MILLER, Circuit Judge, dissenting:

The immigration judge had to resolve a contradiction in the record: At one point in his testimony, petitioner stated that he paid to smuggle his wife's son into the United States, but at other times, he stated that he did not. I agree with the court that petitioner's apparent admission was most likely the product of confusion, perhaps caused by ambiguity in translation. Had I been the immigration judge, I would have resolved the contradiction in petitioner's favor. Nevertheless, I am unable to say that "any reasonable adjudicator would be compelled" to take the same view. 8 U.S.C. § 1252(b)(4); *see Garland v. Ming Dai*, 141 S. Ct. 1669, 1677 (2021). I would therefore deny the petition for review.